# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL ACTION NO. 4:22-CV-00046-D

| | |
|---|---|
| **JEREMY SOUTHERLAND,** individually and on behalf of similarly situated persons, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| **PIRATE PIZZA, INC., and**<br>**ALLEN LYLE,** | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO FILE SETTLEMENT DOCUMENTS UNDER SEAL

This matter is before the Court upon Defendants Pirate Pizza, Inc. and Allen Lyle's (collectively, "Defendants") Unopposed Motion to File Settlement Documents Under Seal. The Court specifically finds as follows:

1. Defendants submit that the Parties have reached a settlement of this litigation.

2. Defendants moved to file the Parties' Settlement and Release Agreement, Plaintiff's Supplemental Settlement Agreement and Releases, and the Class Notice and Claim Form (D.E. 21) (collectively, the "Settlement Documents") under seal because a material term of the Parties' Settlement and Release Agreement is that its terms be kept confidential.

3. The Court may seal documents if the public's right of access to documents filed with court is outweighed by the litigants' interests. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

4. The Court has balanced the competing interests in access and finds sealing of the Settlement Documents is justified. The Settlement Documents contain information related to specific employment relationships and not matters of public concern. The public's interest is nonexistent, or at most slight, where Plaintiff's allegations and the Defendants' primary defenses to those allegations, which together gave rise to the settlement at issue, are being made publicly available in the Parties' Joint Motion for Preliminary Approval of Settlement Agreement. In addition, confidentiality is a critical factor in support of the public policy encouraging litigants to settle claims without resort to burdensome litigation.

5. There are no alternatives to filing under seal, as the Court must approve the settlement for final adjudication of this FLSA matter. *See Taylor v. Progress Energy*, 415 F.3d 364, 371 (4th Cir. 2005); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

6. Plaintiff does not oppose this Motion and do not oppose the documents referred to herein being filed under seal.

**IT IS NOW THEREFORE ORDERED** that Defendants' Unopposed Motion to File Settlement Documents Under Seal be GRANTED and that the Parties' Settlement and Release Agreement, Plaintiff's Supplemental Settlement Agreement and Releases, and the Class Notice and Claim Form (D.E. 21) are hereby SEALED.

SO ORDERED. This the __1__ day of May, 2023.

JAMES C. DEVER III
United States District Judge