**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PIRATE PIZZA, INC., and ALLEN LYLE,<br><br>Defendants. | Civil Action No. 4:22-cv-00046-D<br><br>**DECLARATION OF JEFFREY D. JOHNSON REGARDING THE NOTICE PLAN IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 18, 2023<br>Time: 3:00 p.m.<br>Judge: Honorable James C. Dever III |

I, Jeffrey D. Johnson, being first duly sworn, hereby depose and state:

1. I am the Vice President of CAC Services Group, LLC ("CAC"), located at 6420 Flying Cloud Dr, Suite 101, Eden Prairie, MN. I am over eighteen (18) years of age, and I am not a party to the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. CAC provides a comprehensive range of class and collective action claims administration services. CAC has extensive experience in data processing and acting as third-party administrator in class and collective actions throughout the country.

3. CAC's class and collective action administration services include: coordination of all notice requirements; design of direct-mail notice, publication of summary notice, emailing notice packets and claim forms; coordination with the U.S. Postal Service; database management; website hosting and management; claims processing; fund management and distribution; and preparation of reports describing notice programs and claims processing.

4. CAC was retained to act, and appointed by this Court to act, as the Claims Administrator for this action and to date has provided the following services for the above-captioned action:

a. **Providing CAFA notices to the appropriate federal and state government officials, as defined in the Settlement Agreement**

b. **Develop and execute a notice program targeting potential Settlement Class members, as defined in the Settlement Agreement:**

   ***Settlement Class Member Definition:***

   > *All persons who worked as delivery drivers for Pirate Pizza, Inc. at Domino's Pizza stores at any time from September 19, 2019, through April 18, 2022.*

5.   On May 8, 2023, pursuant to 28 U.S.C. 1715(a), CAC mailed CAFA notices to the appropriate federal and state government officials by Certified First Class Mail.  The CAFA notice sent is attached hereto as Exhibit "1".  To date, there were no responses from any of the Attorneys General who were issued the CAFA notices.  To the best of my knowledge, Defendants have complied with CAFA and have satisfied all their obligations thereunder.

6.   In regard to the notice program, CAC implemented the following notice plan:

   a.   Direct notice by first-class mail to all Settlement Class Members whose names and addresses were provided by Defendants.

7.   To provide direct and timely notice by first-class mail, CAC performed the following:

   a.   On May 5, 2023, CAC received from Defendants an electronic list of two hundred nine (209) persons identified as potential Settlement Class members.  The class list provided names, last known addresses, last known phone number, email addresses, social security numbers and miles driven.

   b.   The Settlement Class Member List was updated using the National Change of Address system (NCOA), which updates the addresses for all persons who had moved in the previous four years and who had filed a change of address with the U.S. Postal Service.

   c.   On May 17, 2023, the Notice of Proposed Class Action Settlement form was printed, personalized, and inserted into a #10 window envelope (the "Notice Packet").  The Notice

Packet was provided to the Settlement Class Members in the English language. The Notice Packet is attached hereto as Exhibit "2".

    d. On May 17, 2023, two hundred nine (209) Notice Packets, comporting with each of the individuals listed on the Settlement Class Member List, were mailed, using first-class postage, at the U.S. Post Office in Eden Prairie, Minnesota.

8.     In support of the direct mail Notice Packet, CAC had regular telephone communications with Class Members calling CAC. In general, the purpose of these communications was to:

    a. Transcribe and fulfill the Notice Packet as requested.

        i. As of the date of this Declaration, one (1) address correction was received by telephone or correspondence by CAC. The Settlement Class Member List was subsequently updated with the new address and a Notice Packet was re-mailed to said Settlement Class Member at the new addresses.

    b. Answer Settlement Class Member questions about the Notice Packet.

9.     As of the date of this Declaration, zero (0) Notice Packets have been returned to CAC by the U.S. Postal Service with a forwarding address.

10.     As of the date of this Declaration, fifty-six (56) Notice Packets have been returned to CAC by the U.S. Postal Service without forwarding addresses. For these Notices Packets, an address search was completed resulting in forty-five (45) new addresses. The Settlement Class Member List was subsequently updated with the new addresses and a Notice Packet was re-mailed to these Settlement Class Members at each of the new addresses. As a result of a good faith effort to re-mail return for non-delivery mail, only eleven (11) Notice Packets remain classified as undeliverable.

11.     As of the date of this Declaration, CAC has received zero (0) Request for Exclusion.

12.     As of the date of this Declaration, CAC has received zero (0) Objections.

13.     It is my opinion that the above-described notice program is adequate and reasonable under the circumstances. The notice program is consistent with standards previously employed by CAC in notification

programs designed to reach known members of settlement groups or classes. Additionally, the implemented notice program is fully compliant with the notice requirements established by North Carolina and federal law, as well as the parties' Settlement Agreement of this Court.

14. CAC's costs associated with the administration of this matter are $8,196.34. This includes all costs incurred to date, as well as estimated costs involved in completing the settlement distribution.

15. Finally, if the settlement is approved by the Court, CAC will make all payment distributions from the Total Settlement Fund in accordance with terms of the Settlement Agreement or as is otherwise ordered by the Court.

I declare under penalty of perjury under the laws of the State of North Carolina that the foregoing is true and correct. Executed this 28th day of July, 2023.

_____
Jeffrey D. Johnson

# EXHIBIT 1:

➢ CAFA Notices



fisherphillips.com

**Matthew R. Korn**
Partner

**Columbia**
1320 Main Street
Suite 750
Columbia, SC 29201
(803) 740-7652 Tel
(803) 255-0202 Fax

**Writer's E-mail:**
mkorn@fisherphillips.com

*CONFIDENTIAL*

May 8, 2023

***BY CERTIFIED MAIL***

Attorney General for the United States
Merrick B. Garland
Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

RE:     *JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons, v.*
        *PIRATE PIZZA, INC., and ALLEN LYLE*
        **United States District Court, For the Eastern District of North Carolina**
        **Civil Action No. 4:22-cv-00046-D**

Dear Merrick B. Garland:

This firm represents Defendants Pirate Pizza, Inc. and Allen Lyle in connection with the above-referenced action. This notice is provided on behalf of Defendants pursuant to the notice provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of a proposed class action settlement. Please take notice of the following items of information and enclosed materials, which are provided to you pursuant to 28 U.S.C. § 1715(b).

As part of this notice, enclosed please find a CD containing copies of the following documents related to this action:

1.     Original Complaint;

2.     First Amended Complaint;

3.     Class Notice;

Case 4:22-cv-00046-D   Document 40-1   Filed 08/01/23   Page 1 of 24

4.      Settlement and Release Agreement;[1]

5.      Joint Motion for Preliminary Approval; and

6.      Order Granting Joint Motion for Preliminary Approval.

Pursuant to 28 U.S.C. § 1715(b)(7)(A), Defendants are including a spreadsheet with the names and State of last known residence for 209 class members who worked for Defendants from September 19, 2019, through April 18, 2022.  Based on last known addresses as reflected in Defendants' records, Defendants estimate that the number of class members residing in each state and their estimated proportionate share of the settlement are as follows:

| State | Estimated Number of Class Members | Estimated Proportionate Share of Settlement |
|---|---|---|
| Maryland | 1 | $30.00 |
| North Carolina | 206 | $38,410.00 |
| South Carolina | 1 | $30.00 |
| Virginia | 1 | $30.00 |

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement.  At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters except that on May 2, 2023, the Court issued an order granting Joint Motion for Preliminary Approval.  The Final Fairness Hearing will take place on August 18, 2023, before Judge James C. Dever III.

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

*s/ Matthew R. Korn*

Matthew R. Korn
For FISHER & PHILLIPS LLP

---

[1]      The Court granted Defendants' unopposed motion to file the Settlement and Release Agreement and Class Notice under seal (see attached Order).  Therefore, Defendants ask that you treat these documents as confidential to the extent possible in your review.



fisherphillips.com

**Matthew R. Korn**
Partner

**Columbia**
1320 Main Street
Suite 750
Columbia, SC 29201
(803) 740-7652 Tel
(803) 255-0202 Fax

**Writer's E-mail:**
mkorn@fisherphillips.com

*Confidential*

May 8, 2023

***BY CERTIFIED MAIL***

Maryland Attorney General
Brian E. Frosh
Consumer Protection Division
200 St Paul Place
Baltimore, MD 21202

RE:     *JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons, v. PIRATE PIZZA, INC., and ALLEN LYLE*
**United States District Court, For the Eastern District of North Carolina**
**Civil Action No. 4:22-cv-00046-D**

Dear Brian E. Frosh:

This firm represents Defendants Pirate Pizza, Inc. and Allen Lyle in connection with the above-referenced action.  This notice is provided on behalf of Defendants pursuant to the notice provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of a proposed class action settlement.  Please take notice of the following items of information and enclosed materials, which are provided to you pursuant to 28 U.S.C. § 1715(b).

As part of this notice, enclosed please find a CD containing copies of the following documents related to this action:

1.     Original Complaint;

2.     First Amended Complaint;

3.     Class Notice;

4.      Settlement and Release Agreement;[1]

5.      Joint Motion for Preliminary Approval; and

6.      Order Granting Joint Motion for Preliminary Approval.

Pursuant to 28 U.S.C. § 1715(b)(7)(A), Defendants are including a spreadsheet with the names and State of last known residence for 209 class members who worked for Defendants from September 19, 2019, through April 18, 2022.  Based on last known addresses as reflected in Defendants' records, Defendants estimate that the number of class members residing in each state and their estimated proportionate share of the settlement are as follows:

| State | Estimated Number of Class Members | Estimated Proportionate Share of Settlement |
|---|---|---|
| Maryland | 1 | $30.00 |
| North Carolina | 206 | $38,410.00 |
| South Carolina | 1 | $30.00 |
| Virginia | 1 | $30.00 |

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement.  At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters except that on May 2, 2023, the Court issued an order granting Joint Motion for Preliminary Approval.  The Final Fairness Hearing will take place on August 18, 2023, before Judge James C. Dever III.

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

*s/ Matthew R. Korn*

Matthew R. Korn
For FISHER & PHILLIPS LLP

---

[1]      The Court granted Defendants' unopposed motion to file the Settlement and Release Agreement and Class Notice under seal (see attached Order).  Therefore, Defendants ask that you treat these documents as confidential to the extent possible in your review.



fisherphillips.com

**Matthew R. Korn**
Partner

**Columbia**
1320 Main Street
Suite 750
Columbia, SC 29201
(803) 740-7652 Tel
(803) 255-0202 Fax

**Writer's E-mail:**
mkorn@fisherphillips.com

*CONFIDENTIAL*

May 8, 2023

*BY CERTIFIED MAIL*

North Carolina Attorney General
Josh Stein
Consumer Protection Division
Mail Service Center 9001
Raleigh, NC 27699

RE:     *JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons, v.
PIRATE PIZZA, INC., and ALLEN LYLE*
**United States District Court, For the Eastern District of North Carolina
Civil Action No. 4:22-cv-00046-D**

Dear Josh Stein:

This firm represents Defendants Pirate Pizza, Inc. and Allen Lyle in connection with the
above-referenced action.  This notice is provided on behalf of Defendants pursuant to the notice
provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of a
proposed class action settlement.  Please take notice of the following items of information and
enclosed materials, which are provided to you pursuant to 28 U.S.C. § 1715(b).

As part of this notice, enclosed please find a CD containing copies of the following
documents related to this action:

1.      Original Complaint;

2.      First Amended Complaint;

3.      Class Notice;

4.      Settlement and Release Agreement;[1]

5.      Joint Motion for Preliminary Approval; and

6.      Order Granting Joint Motion for Preliminary Approval.

Pursuant to 28 U.S.C. § 1715(b)(7)(A), Defendants are including a spreadsheet with the names and State of last known residence for 209 class members who worked for Defendants from September 19, 2019, through April 18, 2022.  Based on last known addresses as reflected in Defendants' records, Defendants estimate that the number of class members residing in each state and their estimated proportionate share of the settlement are as follows:

| State | Estimated Number of Class Members | Estimated Proportionate Share of Settlement |
|---|---|---|
| Maryland | 1 | $30.00 |
| North Carolina | 206 | $38,410.00 |
| South Carolina | 1 | $30.00 |
| Virginia | 1 | $30.00 |

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement.  At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters except that on May 2, 2023, the Court issued an order granting Joint Motion for Preliminary Approval.  The Final Fairness Hearing will take place on August 18, 2023, before Judge James C. Dever III.

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

*s/ Matthew R. Korn*

Matthew R. Korn
For FISHER & PHILLIPS LLP

---

[1]      The Court granted Defendants' unopposed motion to file the Settlement and Release Agreement and Class Notice under seal (see attached Order).  Therefore, Defendants ask that you treat these documents as confidential to the extent possible in your review.



fisherphillips.com

**Matthew R. Korn**
Partner

**Columbia**
1320 Main Street
Suite 750
Columbia, SC 29201
(803) 740-7652 Tel
(803) 255-0202 Fax

**Writer's E-mail:**
mkorn@fisherphillips.com

*CONFIDENTIAL*

May 8, 2023

***BY CERTIFIED MAIL***

South Carolina Attorney General
Alan Wilson
Consumer Protection and Antitrust Division
1000 Assembly St, RM 519
Columbia, SC 29201

RE:     *JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons, v. PIRATE PIZZA, INC., and ALLEN LYLE*
**United States District Court, For the Eastern District of North Carolina**
**Civil Action No. 4:22-cv-00046-D**

Dear Alan Wilson:

This firm represents Defendants Pirate Pizza, Inc. and Allen Lyle in connection with the above-referenced action. This notice is provided on behalf of Defendants pursuant to the notice provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of a proposed class action settlement. Please take notice of the following items of information and enclosed materials, which are provided to you pursuant to 28 U.S.C. § 1715(b).

As part of this notice, enclosed please find a CD containing copies of the following documents related to this action:

1.      Original Complaint;

2.      First Amended Complaint;

3.      Class Notice;

Case 4:22-cv-00046-D Document 111-1 Filed 06/01/23 Page 12 of 24

4.      Settlement and Release Agreement;[1]

5.      Joint Motion for Preliminary Approval; and

6.      Order Granting Joint Motion for Preliminary Approval.

Pursuant to 28 U.S.C. § 1715(b)(7)(A), Defendants are including a spreadsheet with the names and State of last known residence for 209 class members who worked for Defendants from September 19, 2019, through April 18, 2022.  Based on last known addresses as reflected in Defendants' records, Defendants estimate that the number of class members residing in each state and their estimated proportionate share of the settlement are as follows:

| State | Estimated Number of Class Members | Estimated Proportionate Share of Settlement |
|---|---|---|
| Maryland | 1 | $30.00 |
| North Carolina | 206 | $38,410.00 |
| South Carolina | 1 | $30.00 |
| Virginia | 1 | $30.00 |

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement.  At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters except that on May 2, 2023, the Court issued an order granting Joint Motion for Preliminary Approval.  The Final Fairness Hearing will take place on August 18, 2023, before Judge James C. Dever III.

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

*s/ Matthew R. Korn*

Matthew R. Korn
For FISHER & PHILLIPS LLP

---

[1]      The Court granted Defendants' unopposed motion to file the Settlement and Release Agreement and Class Notice under seal (see attached Order).  Therefore, Defendants ask that you treat these documents as confidential to the extent possible in your review.



**Matthew R. Korn**
Partner

**Columbia**
1320 Main Street
Suite 750
Columbia, SC 29201
(803) 740-7652 Tel
(803) 255-0202 Fax

**Writer's E-mail:**
mkorn@fisherphillips.com

fisherphillips.com

*CONFIDENTIAL*

May 8, 2023

*BY CERTIFIED MAIL*

Virginia Attorney General
Jason Miyares
Office of Consumer Affairs
202 North Ninth St
Richmond, VA 23219

RE:   *JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons, v. PIRATE PIZZA, INC., and ALLEN LYLE*
**United States District Court, For the Eastern District of North Carolina**
**Civil Action No. 4:22-cv-00046-D**

Dear Jason Miyares:

This firm represents Defendants Pirate Pizza, Inc. and Allen Lyle in connection with the above-referenced action. This notice is provided on behalf of Defendants pursuant to the notice provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of a proposed class action settlement. Please take notice of the following items of information and enclosed materials, which are provided to you pursuant to 28 U.S.C. § 1715(b).

As part of this notice, enclosed please find a CD containing copies of the following documents related to this action:

1.      Original Complaint;

2.      First Amended Complaint;

3.      Class Notice;

Case 4:22-cv-00046-D Document 70-1 Filed 06/01/23 Page 14 of 24

4.      Settlement and Release Agreement;[1]

5.      Joint Motion for Preliminary Approval; and

6.      Order Granting Joint Motion for Preliminary Approval.

Pursuant to 28 U.S.C. § 1715(b)(7)(A), Defendants are including a spreadsheet with the names and State of last known residence for 209 class members who worked for Defendants from September 19, 2019, through April 18, 2022.  Based on last known addresses as reflected in Defendants' records, Defendants estimate that the number of class members residing in each state and their estimated proportionate share of the settlement are as follows:

| State | Estimated Number of Class Members | Estimated Proportionate Share of Settlement |
|---|---|---|
| Maryland | 1 | $30.00 |
| North Carolina | 206 | $38,410.00 |
| South Carolina | 1 | $30.00 |
| Virginia | 1 | $30.00 |

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement.  At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters except that on May 2, 2023, the Court issued an order granting Joint Motion for Preliminary Approval.  The Final Fairness Hearing will take place on August 18, 2023, before Judge James C. Dever III.

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

*s/ Matthew R. Korn*

Matthew R. Korn
For FISHER & PHILLIPS LLP

---

[1]      The Court granted Defendants' unopposed motion to file the Settlement and Release Agreement and Class Notice under seal (see attached Order).  Therefore, Defendants ask that you treat these documents as confidential to the extent possible in your review.

# EXHIBIT 2:

➢ Notice of Class and Collective Action Settlement

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### CIVIL ACTION NO. 4:22-CV-00046-D

| | | |
|---|---|---|
| **JEREMY SOUTHERLAND,** individually and on behalf of similarly situated persons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **NOTICE OF CLASS AND** |
| | ) | **COLLECTIVE ACTION** |
| | ) | **SETTLEMENT AND FINAL** |
| **PIRATE PIZZA, INC., and** | ) | **FAIRNESS HEARING** |
| **ALLEN LYLE,** | ) | |
| | ) | |
| Defendants. | | |

---

> **PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.**

**TO:** All persons who worked as delivery drivers for Pirate Pizza, Inc. at Domino's Pizza stores at any time during the Release Period (as defined below).

On May 2, 2023, the Court granted preliminary approval of a proposed settlement as set forth in a Settlement and Release Agreement ("Settlement Agreement").

The Class Representative and Class Counsel (as defined below) believe the proposed settlement is fair, adequate, and reasonable and in the best interest of the Settlement Class. This Notice informs you of the proposed settlement and its terms and your rights to participate in the proposed settlement, to object to the terms of the proposed settlement, or to exclude yourself from the proposed settlement. This Notice also explains how you can obtain more information about the settlement.

## I.   SUMMARY OF THE LAWSUIT

Plaintiff Jeremy Southerland ("Plaintiff") and Defendants, Pirate Pizza, Inc. and Allen Lyle ("Defendants") are parties to *Jeremy Southerland v. Pirate Pizza, Inc. and Allen Lyle*, Case No. 4:22-CV-00046-D (the "Lawsuit"), which is pending in the United States District Court for the Eastern District of North Carolina (the "Court"). Plaintiff's allegations include that Defendants violated the Fair Labor Standards Act (FLSA), and the North Carolina Wage and Hour Act by not reimbursing their delivery drivers ("drivers") a sufficient amount for their expenses incurred in driving their personal vehicles while delivering pizzas and other food and drink items on behalf of Defendants, which caused their net wages to fall below the minimum wage. This settlement resolves the claims of Plaintiff against Defendants and includes delivery drivers who worked for Pirate Pizza, Inc. during the Release Period (as defined below).

Defendants have denied (and continue to deny) each and every allegation by Plaintiff and contend that Plaintiff and the members of the Settlement Class were provided all compensation as required by law. The attorneys for the parties hereto have conducted substantial investigation in connection with this Lawsuit and have researched the legal and factual issues relating to the claims and defenses that are contained in the Lawsuit.

The Parties reached an agreement after several rounds of settlement negotiations over several weeks. The Court has preliminarily approved the Settlement Agreement.

## II. CLASS DEFINITION

The Lawsuit is being settled as a class action. In a class action, the Plaintiff, also referred to as Class Representative, sues on behalf of himself and other persons with similar claims. The Court has preliminarily certified a class action under federal and North Carolina state law and preliminarily approved the settlement.

The class that the Court has preliminarily certified, for settlement purposes only (the "Settlement Class"), is defined as follows:

> **All persons who worked as delivery drivers for Pirate Pizza, Inc.**
> **at Domino's Pizza stores at any time during the Release Period**
> **(as defined below).**

The "Release Period" is defined as the period from September 19, 2019, through April 18, 2022.

**If the Court finally approves the settlement, the settlement will bind all members of the Settlement Class who have not excluded themselves from the Settlement Class.** (You have the opportunity to exclude yourself from the Settlement Class pursuant to the procedure described below.) The Court has not yet made a final determination that the Lawsuit could be litigated as a class action. If the Court does not approve this settlement, the preliminary class action certification will have no effect or precedential value in any subsequent proceedings in the Lawsuit or in any other litigation.

## III. CLASS REPRESENTATIVE AND CLASS COUNSEL

The Court has appointed Plaintiff, Jeremy Southerland, as Class Representative to represent the Settlement Class. The Court has appointed the following attorneys to represent the Settlement Class as Class Counsel:

Jacob J. Modla, Esq.
The Law Offices of Jason E. Taylor P.C.
115 Elk Avenue
Rock Hill, SC 29730
(803) 328-0898
jmodla@jasonetaylor.com

Jay Forester, Esq.
Katherine Serrano, Esq.
Forester Haynie PLLC
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100
jay@foresterhaynie.com
kserrano@foresterhaynie.com

## IV.     SETTLEMENT AMOUNT

The proposed settlement obligates Defendants to pay up to a potential maximum settlement amount (referred to in the Settlement Agreement as the "Total Settlement Amount") of Seventy-Five Thousand and 00/100 Dollars ($75,000.00). This maximum payment is "all inclusive." It includes, but is not limited to: alleged unpaid reimbursements, alleged unpaid minimum wage pay, alleged unpaid overtime pay, any and all associated penalties, interest, costs, attorneys' fees, claims administration costs, a service payment to the Class Representative, and all other settlement-related payments and costs.

Under no condition will Defendants' liability for payments exceed the Total Settlement Amount. All claims submitted by members of the Settlement Class and all attorneys' fees, costs, penalties, the service payment to Class Representative, and claims administration expenses shall be paid out of the Total Settlement Amount. The members of the Settlement Class will be responsible for their own tax obligations, if any.

## V.      NO ADMISSION OF LIABILITY

Defendants deny liability to Plaintiff and the Settlement Class for any claim or cause of action. Defendants have denied and continue to deny each of the claims and contentions alleged by Plaintiff in the Action. Defendants have repeatedly asserted and continue to assert defenses thereto and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Defendants also have denied and continue to deny the allegations that the Settlement Class Members have suffered damage or that the Settlement Class Members were harmed by the conduct alleged in the Action. The sending of this Class notice does not mean the Defendants admit to the alleged liability or the suitability of the Action for class or collective action litigation other than for purposes of settlement.

## VI.     SETTLEMENT ADMINISTRATOR

The settlement process will be administered by CAC Services Group, LLC ("Administrator"), an experienced class action claims administrator.

## VII.    RELEASE AND WAIVER

If the Court fully and finally approves the settlement, then all members of the Settlement Class who do not opt-out shall be bound by the following release:

Upon the Effective Date of the Settlement, the Class Representative and Participating Class Members who cash or otherwise negotiate their settlement check will release and forever discharge Defendants and the Released Parties from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the Release Period, including claims arising out of, based on, or encompassed by facts asserted in the action, arising under the FLSA, North Carolina wage and hour laws, or any similar federal, state, municipal, or local laws, such as mileage reimbursement claims; minimum wage and overtime; off the clock claims; meal and rest break claims; and dual jobs claims. Participating Class Members who do not cash or otherwise negotiate their settlement check will release and forever discharge Defendants and the Released Parties from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the Release Period, including claims arising out of, based on, or encompassed by facts asserted in the action, arising under North Carolina wage and hour laws, or any similar state, municipal, or local laws, such as mileage reimbursement claims; minimum wage and overtime; off the clock claims; meal and rest break claims; and dual jobs claims. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for *res judicata* purposes shall be co-extensive with this release of claims (collectively, the "Released Claims").

## VIII.   ATTORNEYS' FEES AND COSTS/CLAIMS ADMINISTRATION COSTS

It is customary for courts to award to class counsel attorneys' fees based upon a percentage of the potential maximum settlement amount for the benefit of a class. In this case, Class Counsel has requested an award of attorneys' fees in the amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), which constitutes thirty-three percent (33%) of the Total Settlement Amount of Seventy-Five Thousand and 00/100 Dollars ($75,000.00). These fees, if approved by the court, will be paid out of the Total Settlement Amount. Additionally, all costs incurred in administering the settlement shall be paid from the Total Settlement Amount, up to Ten Thousand and 00/100 Dollars ($10,000.00) ("Administration Fund").

## IX.   SERVICE PAYMENT

Plaintiff will request the Court to approve a service payment totaling One Thousand Five Hundred and 00/100 Dollars ($1,500.00) to be paid to the Class Representative who performed services in assisting with this Lawsuit and settlement from the Total Settlement Amount (the "Service Payment"). This payment is in addition to the payment to the Class Representative of his share of the settlement as a member of the Settlement Class and compensates him for the time, effort and risk in pursuing this Lawsuit on behalf of the Settlement Class. In additional

consideration for this payment, the Class Representative will agree to a separate general release in favor of Defendants.

## X.    CALCULATION OF PAYMENTS

The total amount of the "Potential Settlement Payments" available for distribution to the Settlement Class shall not exceed Thirty-Eight Thousand Five Hundred and 00/100 Dollars ($38,500.00) ("Net Settlement Fund").

The amount available for distribution to each member of the Settlement Class shall be calculated as follows:

A.    <u>Potential Settlement Payments</u>: Potential settlement payments shall be calculated as follows:

1.    For each Settlement Class Member, the total number of his/her recorded miles making deliveries for Defendants during the applicable Release Period shall be his/her "Individual Miles." The aggregate of all Individual Miles shall be the "Settlement Class Miles."

2.    Each Settlement Class Member's Individual Miles shall be divided by the Settlement Class Miles to obtain his/her "Payment Ratio."

3.    Each Settlement Class Member's Payment Ratio shall be multiplied by the Net Settlement Fund to arrive at his/her "Potential Settlement Payment."

B.    <u>Establishment of Claim Fund</u>: Settlement Class Members who do not exclude themselves will receive their Potential Settlement Payment, which shall be at least Thirty and 00/100 Dollars ($30.00), based on their miles driven according to Defendants' records. Any checks unclaimed after one hundred eighty (180) calendar days will be held in the Reserve Fund to be available for claimants and contingencies (such as additional claims administration costs) for the Reserve Fund Period.

C.    <u>Reserve Fund</u>: In addition to the foregoing initial distribution fund, the Parties have negotiated a separate "Reserve Fund." The Reserve Fund shall consist of any funds that remain unclaimed as described above, to be held in QSF for claimants and contingencies (such as additional claims administration costs). Any funds remaining after the Reserve Fund Period will be retained by Defendants.

D.    <u>Defendants' Right to Void Settlement</u>: If five percent (5%) or more of the Settlement Class Members opt out of the settlement, Defendants shall have the option of voiding the settlement in their sole discretion. If that occurs, no money will be paid out and the Parties will revert to their respective positions before the settlement occurred.

E.    <u>Taxes</u>: Settlement payments will be treated as 100% expense reimbursement, so no taxes will be deducted. However, Settlement Class Members will be responsible for reporting and

paying any federal, state and/or local taxes that may be due on these payments, if any. You should consult with your own tax advisor regarding your unique tax situation upon receipt of the funds.

F. <u>Payment of Settlement Funds Will Not Be Considered By Defendants As Having Any Effect on Any Employee Benefit Plan and Similar Plans</u>: The payment to any member of the Class as provided for in this Settlement shall not be considered by Defendants to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendants or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans.

## XI. FINAL FAIRNESS HEARING

A hearing (the "Final Fairness Hearing") has been scheduled on August 18, 2023, at 3:00 p.m., before the Court, in Courtroom 1 of the U.S. District Court for the Eastern District of North Carolina, located at 310 New Bern Avenue, Raleigh, NC 27601, at which time the Court will determine: (1) whether the proposed settlement should be approved as fair, reasonable and adequate to members of the Class; (2) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved and in what amount; (3) whether the application for a service payment for the Class Representative should be approved and in what amount; and (4) whether a proposed Final Approval Order should be entered, dismissing the Lawsuit with prejudice.

<u>**You Are Not Required to Attend the Final Fairness Hearing.**</u>

You are welcome to attend the Final Fairness Hearing at your own expense. If you do not exclude yourself from the settlement, you may request permission to speak at the Final Fairness Hearing or you may hire your own attorney at your own expense to speak at the Final Fairness Hearing. If you want to speak at the Final Fairness Hearing, and you do not exclude yourself from the settlement, you must request permission from the Court. To do so, send a letter to the Court (at the address set forth above in this Section of this Notice) with a copy to Class Counsel and Defendants' Counsel (at the addresses set forth in Section XIII of this Notice) no later than 30 days after the mailing date, requesting permission to speak at the Final Fairness Hearing. Such letter should be signed and should contain a brief statement of the position that you wish to put before the Court at the Final Fairness Hearing and the basis for that position. The Court may, or may not, grant the request.

## XII. RIGHT TO BE EXCLUDED FROM THE SETTLEMENT

You may exclude yourself from the Class. If you wish to be excluded from this Settlement, you will <u>not</u> receive any share of the settlement and you will retain all rights you have against Defendants. To be excluded, you must submit an Exclusion Letter to the settlement claims administrator within 50 days of this mailing, by July 6, 2023. To be valid, the Exclusion Letter must provide your name, address, email address, telephone number, last four digits of your Social Security number, a statement clearly indicating your desire to opt-out of the settlement, and your signature, which must be notarized. If you wish to exclude yourself, you must timely send the above-described letter to:

CAC Services Group, LLC
6420 Flying Cloud Dr Ste 101
Eden Prairie, MN 55344
Telephone: 866-602-2260
Fax: 888-495-9746
info@cacsg.com

To be valid and timely, your opt-out statement must be postmarked or sent no later than July 6, 2023, and your Exclusion Letter must be signed and notarized.

**Any member of the Settlement Class (which may include you) who does not submit a valid and timely Exclusion Letter shall be bound by all the terms and conditions of the settlement, including, without limitation, the release provided for in the Settlement Agreement (described in Section VII above) and any Final Judgment entered by the Court, whether or not that member of the Settlement Class submits a Claim Form and Release.**

## XIII.  RIGHT TO OBJECT TO SETTLEMENT

You have the right to object to the settlement. However, you may not do so if you have opted to exclude yourself as a member of the Settlement Class (as provided in the preceding Section XII). If you have not excluded yourself as a member of the Settlement Class and you wish to object to the settlement, you must send to the Administrator and serve on Class Counsel and Defendants' counsel (at the addresses set forth below), no later than July 6, 2023, a written statement indicating your name, address and telephone number; stating your objection to the settlement and the basis for your objection, along with any and all documents that support your objection. No member of the Settlement Class shall be entitled to be heard at the Final Fairness Hearing or to object to the settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Final Fairness Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Fairness Hearing, and copies of any written objections or briefs, have been filed with the Court and served on Class Counsel and Defendants' counsel on or before July 6, 2023, as follows:

<u>Class Counsel</u>
Jacob J. Modla, Esq.
Law Offices of Jason E. Taylor P.C.
115 Elk Avenue
Rock Hill, SC 29730
(803) 328-0898
jmodla@jasonetaylor.com

Jay Forester, Esq.
Forester Haynie PLLC
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100
info@foresterhaynie.com

<u>Defendants' Counsel</u>
Matthew R. Korn, Esq.
Fisher & Phillips LLP
1320 Main Street, Suite 750
Columbia, SC 29201
(803) 740-7652
mkorn@fisherphillips.com

Members of the Settlement Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections to the settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

## XIV.   SUMMARY OF OPTIONS

As a member of the Settlement Class, you have the following options:

1.      **Remain a Member of the Settlement Class.** If you do not exclude yourself from the Settlement Class, you will remain a member of the Settlement Class, receive a cash payment of at least Thirty and 00/100 Dollars ($30.00), and agree to the release set forth in Section VII above.

2.      **Object to the Settlement.** If you do not exclude yourself from the Settlement Class, you are entitled to submit a written objection to the settlement. If the Settlement Agreement is approved after your objection, you will remain a member of the Settlement Class, will receive a cash payment as described above, and will give up the claims that are released by the Settlement Agreement as set forth in Section VII above.

3.      **Exclude Yourself from the Settlement Class.** You are entitled to exclude yourself from the Settlement Class by timely submitting a valid, completed, and signed Exclusion Letter. If you exclude yourself from the Settlement Class, you will not receive any cash payment or any other benefits from the settlement. You will retain all of the claims that will be released by members of the Settlement Class.

## XV.   REMINDER OF IMPORTANT SETTLEMENT DATES AND DEADLINES

The following are important dates and deadlines under the proposed settlement:

| | |
|---|---|
| Objection Deadline: | July 6, 2023 |
| Exclusion Deadline: | July 6, 2023 |
| Final Fairness Hearing: | August 18, 2023 |

## XVI.   ADDITIONAL INFORMATION

For more detailed information concerning the matters involved in the Lawsuit, please refer to the pleadings, the Orders entered in the Lawsuit, and to the other papers filed in the Lawsuit.

Any questions concerning the matters contained in this Notice may be directed to Class Counsel (at the address set forth above in Section III of this Notice). You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

**Do Not Call or Write the Court to Obtain Copies of Documents
or to Ask Questions About the Settlement.**