# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 4:22-cv-00046-D

JEREMY SOUTHERLAND, individually and on behalf of similarly situated persons,

Plaintiff,

v.

PIRATE PIZZA, INC. and ALLEN LYLE,

Defendants.

## DECLARATION OF ATTORNEY KATHERINE SERRANO

I, Katherine Serrano, declare under penalty of perjury, as follows:

1. My name is Katherine Serrano. I am over the age of 18. The statements set forth in this declaration are made of my own personal knowledge and if called as a witness, I could and would testify competently to the matters stated below.

2. I am an attorney, in good standing, and I am admitted in the Fifth Circuit Court of Appeals, and various District Courts throughout the nation, including federal courts in Illinois, Michigan and Texas. I am licensed to practice law in the state courts of Texas.

3. I am an attorney in the law firm of Forester Haynie PLLC ("FH") based in Dallas, Texas and am a member of FH's Wage & Hour practice.

4. FH is a plaintiff's advocacy law firm that practices nationwide. The firm and I intend to commit any and all resources needed to successfully prosecute this class action. FH's Wage & Hour practice is a nationwide leader in class action litigation brought on behalf of delivery drivers and has handled such cases across the United States.

5. I have experience litigating wage and hour collective actions under the Fair Labor Standards Act ("FLSA") and wage and hour class actions under Rule 23 of the Federal Rules of

Civil Procedure or analogous state court rules. I have previously served as class counsel in numerous other matters, including within this Court, that were similarly certified and resolved on a hybrid Rule 23/FLSA basis for pizza delivery drivers, including:

- *Nooney v. Farrior Corp. et al.*, Case No. 5:21-cv-00146 (ED NC);
- *Neira v. Goodfella's Pizza, Inc. et al.,* Case No. 1:19-cv-00280 (WD NC);
- *Hiebert v. 2 Bits Pizza LLC et al.*, Case No. 1:21-cv-00492 (D ID);
- *Telleria v. Boise Pizza Inc. et al.*, Case No. 1:21-cv-00271 (D ID);
- *Martin v. Riverside Pizza Co. et al.*, Case No. 4:21-cv-00670 (ED MO);
- *Mason v. D&D Pizza Inc. et al.*, Case No. 1:21-cv-00107 (ED MO);
- *Stith v. Tips East LLC*, Case No. 1:21-cv-00436 (ED VA);
- *Cain v. AJD Pizza Management*, Case No. 4:21-cv-10860 (ED MI);
- *Seawell v. Konza Prairie Pizza, Inc., et al.*, Case No. 2:20-cv-02130 (D KS);
- *Putman v. Brown & Brown Pizza, Inc. et al.*, Case No. 3:20-cv-00130 (SD TX);
- *Eshelman et al v. MPFP, LLC*, Case No. 4:20-cv-03119 (SD TX);
- *Matthews v. Longhorn Pizza Inc et al.*, Case No. 3:19-cv-01159 (ND TX);
- *Brewer v. Lil Daddy Pizza, LLC et al.*, Case No. 1:21-cv-00195 (SD MS);

6. Given this experience, I am familiar with delivery driver cases such as the matter here. Because of the confidential nature of many settlements, I am limited in details I can provide; however, FH has helped successfully prosecute or negotiate settlements in numerous additional matters, which has cumulatively resulted in millions of dollars recovered for delivery drivers. I am familiar with these cases and the unique issues presented by representing similar communities of workers.

7. Based on my qualifications and experience, I am qualified to serve as Plaintiff's counsel in the instant putative class action case. I will continue to commit the time and resources needed to complete this case and the administration of the settlement.

8. I thoroughly investigated the claims advanced in this matter. Prior to negotiations that resulted in the settlement this declaration is filed to support, the Defendants produced voluminous delivery and reimbursement data. I reviewed that data and converted it into damage calculations.

9. In my opinion, the settlement reached in this case constitutes a fair and reasonable compromise of a *bona fide* dispute, considering all of the vigorously contested legal and factual issues, and considering the possible value of the claims balanced against the effort, expense, delay and risk of further litigation and possible appeals. I intently calculated possible damages, assessed the best-case and worst-case scenarios and weighed the likelihood of various potential outcomes. I considered that the claims may boil down to an unpredictable battle of vehicle costing experts. The settlement reflects a reasonable valuation of these possible risks and rewards.

10. Collective and class action litigation is time consuming and requires a substantial commitment of time and resources, including advancing all litigation costs. I am familiar with and knowledgeable about the market for plaintiff-side employment lawyers and that there are relatively few attorneys in this District with a similarly-limited plaintiff-side wage and hour practice. Generally, the "norm" for associate level employment lawyers with similar experience falls within the $250 to $500 per hour range. *See Chin v. The Tile Shop LLC,* Case No. 13-cv-02969 (D. Mn., 2017) ($480/hour, based on an associate at a prior firm with a similarly limited practice). Generally, the "norm" for partner and management level employment lawyers falls within the $500 to $750 per hour range. My hourly billable rate is $390 per hour and the rates of

the partners at our firm, Jay Forester and Matthew Haynie, are $740 per hour. *See Thompson. v. Seagle Pizza Inc., et al.*, Case No. 3:20-cv-00016 (WD CO) (where plaintiffs raised similar allegations on behalf of Domino's pizza delivery drivers and a class-wide settlement was approved on May 5, 2022).

11. Plaintiff's counsel also accepted this case on a contingency basis with no guarantee of payment. Despite receiving no payment for their work to date, Plaintiff's Counsel have collectively spent over 80 hours advocating on behalf of Plaintiff and the Class Members. This includes, but is not limited to, time spent investigating the facts, reviewing documents and data, analyzing Defendants' data disclosures, conferring with Defendants' various counsel, reviewing and revising a computerized damages model, drafting a mediation statement, reviewing approval papers, researching and drafting a motion for preliminary settlement approval, seeking Court approval of the settlement, fees and costs. In totaling the billing record in preparation for this Declaration, I did not include numerous billings that I deemed duplicative or excessive. In reviewing the billing record in preparation for this Declaration, I also deleted staff billings, as well. I estimate that Plaintiff's counsel will bill an additional 25 hours or more to this matter for participation in the final fairness hearing, as well as addressing any questions or concerns that arise during the distribution of the settlement proceeds to the Class Members.

12. Additionally, Mr. Southerland worked for Defendants as a pizza delivery driver during the class period; therefore, meets the settlement class member definitions. He does not have any individualized or adverse interest to the other members of the class. Moreover, he provided guidance to Plaintiff's Counsel surrounding the particular facts and circumstances of Defendants' pay practices, worked with Plaintiff's counsel on a plan to facilitate and finalize settlement efforts, and continuously sought the best possible outcome for the Class Members.

13. Notice of this settlement, which explained the terms of the Agreement, Delivery Drivers' rights under the Agreement, the procedure for objecting to the Agreement, and information regarding the Fairness Hearing was mailed to all eligible Delivery Drivers. No objections were submitted. No Class Member requested additional information regarding or notified FH of their intent to attend the Fairness Hearing.

14. To date, Plaintiff's Counsel has also incurred $1,737.00 costs in prosecuting this matter. All of the expenses incurred have been reasonably necessary to successfully prosecute the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of July, 2023,

By: */s/ Katherine Serrano*
Katherine Serrano