IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 4:22-cv-00046-D

| | |
|---|---|
| **JEREMY SOUTHERLAND,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**PIRATE PIZZA, INC. and ALLEN LYLE,**<br><br>Defendants. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement Agreement ("Motion for Final Approval"). Having carefully considered Plaintiff's Motion for Final Approval, the undersigned will grant the Motion for Final Approval.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Final Approval is **GRANTED** and the Court hereby:

(1) finally certifies the collective action pursuant to Section 216(b) of the FLSA and the class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only;

(2) grants final approval of the Agreement and adjudging its terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

(3) finds that Defendants have complied with all their obligations pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") with respect to this class action settlement;

(4) approves distribution of the Net Settlement Fund, as defined in the Agreement, to the Settlement Class Members;

(5) approves a service award payment in the amount specified in the Agreement to Named Plaintiff Jeremy Southerland;

(6) approves payment of the actual costs of the Settlement Claims Administrator in the amount specified in the Declaration of Jeffrey D. Johnson and advanced litigation costs to Class Counsel in the amount set forth in the Declaration of Katherine Serrano, not to exceed the amount of the Administrative Fund set forth in the Agreement;

(7) approves attorneys' fees and advanced litigation costs to Class Counsel in an amount not to exceed one-third (1/3) of the Total Settlement Fund;

(8) permanently enjoins all Settlement Class Members (other than those who filed timely and valid Exclusion Letters) from prosecuting against Defendants and the Released Parties (as defined in the Agreement) any and all of the Settlement Class Members' Released Claims (as defined in the Agreement); and

(9) permanently enjoins the Class Representative from prosecuting against Defendants and the Released Parties any and all of the Class Representative's Released Claims (as defined in the Agreement).

(10) enters a judgment dismissing this case with prejudice in accordance with the terms of the Agreement.

**IT IS SO ORDERED** this _____ by _____